Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Orlando Villalba (SBN 232165)
Orlando.Villalba@capstonelawyers.com
Helga Hakimi (SBN 257381)
Helga.Hakimi@capstonelawyers.com
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Gabriela Soto Hurtado

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELA SOTO HURTADO, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SWEET EARTH, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:21-cv-04894-VKD<br><br>Assigned to the Hon. Beth Labson Freeman<br><br>**[~~AMENDED PROPOSED~~] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT**<br><br>Date:    June 13, 2024<br>Time:    9:00 a.m.<br>Place:   Courtroom 1 |

**ORDER**

This matter came before the Court for a hearing on the Motion for Final Approval of the Class Action and PAGA Settlement and Motion for Attorneys' Fees, Costs, and a Class Representative Enhancement Payment (collectively, the "Motions"). Due and adequate notice having been given to Class Members as required by the Court's Preliminary Approval Order, and the Court having reviewed the Motions, and determining that the settlement is fair, adequate and reasonable, and otherwise being fully informed and **GOOD CAUSE** appearing therefore, it is hereby **ORDERED AS FOLLOWS**:

1. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the requirements of F.R.C.P. 23(e) have been satisfied.

2. This Order hereby adopts and incorporates by reference the terms and conditions of the Joint Stipulation of Class Action and PAGA Settlement and Release (collectively, "Settlement Agreement" or "Settlement"), together with the definitions and terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the action and over all parties to the action, including all Participating Class Members and PAGA Members.

4. The Class Notice fully and accurately informed Class Members of all material elements of the proposed settlement and of their opportunity to opt out or object; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California and due process. The Class Notice fairly and adequately described the settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

5. Class Members were given a full opportunity to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly opt out of the settlement are bound by this Order.

6. The Court has considered all relevant factors for determining the fairness of the settlement and has concluded that all such factors weigh in favor of granting final approval. In particular, the Court finds that the settlement was reached following meaningful discovery and investigation

conducted by Plaintiff's Counsel; that the settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the settlement are in all respects fair, adequate, and reasonable.

7. In so finding, the Court has considered all evidence presented, including evidence regarding the strength of Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in settlement; the extent of investigation and discovery completed; and the experience and views of counsel. The Parties have provided the Court with sufficient information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the Parties have agreed.

8. Accordingly, the Court hereby approves the settlement as set forth in the Settlement Agreement and expressly finds that the settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the entire Settlement Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Settlement Agreement. The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided by the settlement in light of the challenges posed by continued litigation, the Court concludes that the settlement provides Class Members with fair and adequate relief.

9. The Settlement Agreement is not an admission by Defendant or by any other Released Party, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant or any other Released Party. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, waiver of defenses, or liability whatsoever by or against Defendant or any of the other Released Parties.

10. With the exception of Richard Garcia who opted out of the Settlement Class, final approval shall be with respect to: All persons employed in California by Defendant as hourly-paid employees at any time during the period from May 27, 2017 through May 21, 2022 ("Participating Class Members").

11. Plaintiff Gabriela Soto Hurtado is an adequate and suitable representative and is hereby appointed the Class Representative for the Settlement Class. The Court finds that Plaintiff's investment and commitment to the litigation and its outcome ensured adequate and zealous advocacy for the Settlement Class, and that her interests are aligned with those of the Settlement Class.

12. The Court finds that the attorneys at Capstone Law APC have the requisite qualifications, experience, and skill to protect and advance the interests of the Settlement Class. The Court therefore finds that counsel satisfy the professional and ethical obligations attendant to the position of Class Counsel, and hereby appoints Capstone Law APC as counsel for the Settlement Class.

13. The settlement of civil penalties under PAGA in the amount of $20,000 is hereby approved. Seventy-Five Percent (75%), or $15,000, shall be paid to the California Labor and Workforce Development Agency. The remaining Twenty-Five Percent (25%), or $5,000, will be paid to PAGA Members.

14. The Court approves settlement administration costs and expenses in the amount of $10,000 to CPT Group, Inc.

15. All Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, and all members of the Settlement Class wishing to be heard have been heard. Members of the Settlement Class also have had a full and fair opportunity to exclude themselves from the proposed settlement and the class. Accordingly, the terms of the Settlement Agreement and of the Court's Order and Judgment shall be forever binding on all Participating Class Members. These Participating Class Members have released and forever discharged the Released Parties for any and all Released Class Claims during the Class Period:

> All claims asserted in the Action, reasonably arising from or related to the facts and claims alleged in the Action, or that reasonably could have been raised in the Action based on the facts and claims alleged in the civil complaint and all amendments thereto, or included in any letter Plaintiff's counsel sent to the LWDA on behalf of Plaintiff during the Class Period. The Released Class Claims include all claims for unpaid wages, including overtime compensation, double-time compensation, and interest; the calculation of the regular rate of pay; missed meal period and rest period premiums, including failure to pay premiums at the regular rate of compensation; reimbursement for all necessary business expenses; payment for all hours worked, including off-the-clock work; failure to pay vacation and paid time off upon termination; failure to provide accurate and timely wage statements; unfair business practices; penalties including, but not limited to, civil penalties, statutory penalties, recordkeeping penalties, and waiting-time

penalties; attorneys' fees and costs; and all claims reasonably related to the Released Class Claims arising under the California Labor Code (including, but not limited to, sections 200, 201, 202, 203, 204, 210, 218.5, 226, 226(a), 226.3, 226.7, 510, 512, 516, 558, 558.1, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.5, 1198, and 2802), the applicable Wage Orders of the California Industrial Welfare Commission, California Business and Professions Code section 17200, *et seq.*, and federal common law. The Released Class Claims excludes the release of claims not permitted by law.

16. Additionally, all PAGA Members and the LWDA have released and forever discharged the Released Parties for any and all Released PAGA Claims during the PAGA Period: All claims for civil penalties under California Labor Code §§ 2698, *et seq.*, that were brought or could reasonably have been brought based on the facts alleged in Plaintiff's LWDA letter sent during the PAGA Period.

**IT IS SO ORDERED.**

Dated: June 13, 2024

Hon. Beth Labson Freeman
United States District Court Judge